UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Unicare Life & Health Insurance Company,

    Plaintiff,

v.                                            Case No.  13-14122

Imelda Autrey-Miller, *et al.*,           Sean F. Cox
                                                   United States District Court Judge

    Defendants.
_____/

**MEMORANDUM OPINION
GRANTING AUTREY-MILLER'S MOTION TO RELEASE FUNDS**

    This is a life insurance interpleader action.  The insured decedent, James Miller, died from a gunshot wound to the back on October 23, 2012.  The insurance company, Plaintiff Unicare Life & Health Insurance Company ("Unicare") filed this interpleader action to avoid liability as to who is entitled to the life insurance proceeds, which total $110,000.

    The decedent's wife, Imelda Autrey-Miller, would be entitled to the life insurance proceeds under normal circumstances and she has made claim for them to Unicare.  But the Amended Interpleader Complaint states that Autrey-Miller has not yet been ruled out as a suspect in her husband's murder.  Unicare did not submit any documentation from law enforcement that indicates that Autrey-Miller is a suspect in a criminal investigation.  Michigan law provides that a beneficiary of a will or other instrument cannot recover benefits if he or she willfully brings about the death of the insured.

    Unicare states that the life insurance certificates are silent on the circumstances where the sole named beneficiary disclaims (or is treated as disclaiming) her interest in the proceeds.  But

Unicare believes the money would go to Autrey-Miller's estate (i.e., her children) if she cannot collect. Thus, the Amended Interpleader Complaint names as Defendants, in addition to Autrey-Miller, the following persons who may be entitled to some portion of the proceeds: 1) Muqaribu Aundunae Miles ("Miles"); 2) Damon Denard Hailey ("Hailey"); and 3) Toni Green ("Green"). Unicare identified Miles, Hailey, and Green as Autrey-Miller's natural or adopted children.

Unicare filed certificates of service indicating that Miles, Hailey, and Green were properly served. None of them, however, have filed an answer or appearance in this action.

After serving all the named Defendants, Unicare filed a motion seeking to deposit the insurance proceeds with the Court, less its costs and fees in bringing this case, get released from liability and exit the case, and leaving the Court to determine who receives the proceeds. This Court granted that motion. Thus, the funds have been deposited with the Court and Unicare has been dismissed.

This Court ordered the parties to appear for a Status Conference in this matter on September 16, 2014. The only party that appeared for that conference, however, was Autrey-Miller. Her Counsel advised that he planned to file a motion requesting that the deposited funds be released to Autrey-Miller.

On October 2, 2014, Counsel for Autrey-Miller filed a motion asking the Court to release the deposited funds (the life insurance proceeds less attorney fees paid to Unicare) to his client. In that motion, Autrey-Miller notes that under Mich. Comp. Laws § 500.4030 the settlement of a life insurance policy "shall be made upon the receipt of proof of death, or not later than 2 months after receipt of such proof." The motion further asserts that there is no ongoing criminal investigation identifying Autrey-Miller as a suspect in the decedent's death.

This Court scheduled the motion to be heard on November 20, 2014. Autrey-Miller was the only party who appeared for the hearing.

This Court shall grant the motion and release the funds to Autrey-Miller, the only named potential beneficiary who has filed an answer or appearance in this action.

"Interpleader proceedings are pragmatic in nature and should be resolved expeditiously." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 898 (9th Cir. 2012).

The decedent in this case died on October 23, 2012. Autrey-Miller was named as the sole beneficiary of the policies at issue. In filing this action, however, Unicare asserted that Autrey-Miller "had not been ruled out" as a suspect in the decedent's homicide. But Unicare did not attach any documentation from law enforcement officials to support that assertion. In addition, Autrey-Miller is the only named defendant in this action who has filed an answer and appearance in this action. Finally, despite the passage of a significant period of time since the decedent's death, her Counsel represents to the Court that there is no criminal investigation that identifies Autrey-Miller as a suspect in the homicide of the decedent. Under these circumstances, the only person the Court could release the funds to is Autrey-Miller.

Accordingly, the Court hereby GRANTS the pending motion and shall issue an appropriate order releasing the remaining funds to Autrey-Miller.

                                                    S/Sean F. Cox
                                                    Sean F. Cox
                                                    United States District Judge

Dated: November 21, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 21, 2014, by electronic and/or ordinary mail.

                                                    S/Jennifer McCoy
                                                    Case Manager